In The United States District Court
For The Southern District of Alabama
Southern Division

Terrance D. Williams
   Petitioner               :   Criminal No. 19-00053-WS

vs.                           :   Civil Action No. 21-00252-WS-B

United States of America
   Respondent

## Reply Brief

I Terrance D. Williams pro se reply to the response of the United State's to dismiss all claims without a hearing. I the Movant should be granted relief and discovery on all good cause. The Supreme Court has defined as specific allegations that would show if the facts are fully developed you'd be entitled to relief. Bracy v. Gramley 520 U.S. 899 (1997).

The motion to suppress
Counsel was ineffective for withdrawing motion to suppress. Counsel should have moved to suppress the fruits of the residence and person. The Government is running from the conduct of the CI. Yes he had pending drug charges and crossing state line into Mobile County acting in the capacity of a speciel agent of the law. That violate the Due Process of the Constitution.

1.

Regardless of whether a defendant's guilt is established by excludable evidence, the proper question is whether the outcome of the proceeding would been different had the Motion to Suppress been filed and the evidence been excluded. Jones v. U.S, 224 F.3d 1251, 1259 (11th cir 2000) Huynh v. King, 95 F.3d 1052, 1058-59 (11th cir 1996)

## Legal Standard

Relief under 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. United States v. Cervantes, 132 F.3d 1106, 1109 (5th cir. 1998). See Massaro v. United States, 538 U.S. 500 (2003) holding that ineffective assistance claims are properly brought on collateral review.

## Pro se Standard

I Williams is representing myself, therefore my pleadings are held to less standards than formal pleading drafted by lawyers. Erickson v. Pardus, 551 U.S. 89 (2007). Court liberally construe pro se filings. Haines v. Kerner, 404 U.S. 519, 521 (1972)..

# Federal Rule of Civil Procedure 56

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. 56(a). In pertinent part, Rule 56 provides that a court shall grant summary judgment if the the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases. Clark v. Johnson, 202 F. 3d 760, 764 (5th Cir. 2000). District court's considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. A court may consider the pleadings, discovery and disclosure material, as well as any affidavit on file. Fed. R. Civ. P. 56(2) Where the moving party's version of the events differ from the non-moving party's version, a court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Although a court may rely on material in the record that neither party cited to, it need only consider cited materials. Fed.R.Civ.P. 56(c)(3). Therefore, a court may properly rely on the non-moving party to identify specifically the evidence that precludes summary judgment.

Reply Argument

A 2255 is the primary means of collaterally attacking a federal sentence. Cox v. Warden, Fed Detention Ctr., 911 F.2d 111, 113 (5th Cir. 1990). Correspondingly, a 2255 motion is the proper vehicle to raise an ineffective assistance of counsel claim. Massaro v. U.S. 500 (2003).

At the outset, Williams calls the Court's attention to the fact that, although I ... waived the right to appeal or collaterall attack the sentence in the plea agreement, I reserved that right to raise the instant ineffective assistance of counsel claims. See Plea Agreement Notwithstanding the Respondents argument to the contrary.

Ineffective Assistance of Counsel

The Sixth Amendment guarantees all defendant's the right to have counsel present at all critical stages of the proceeding. Missouri v. Frye, 566 U.S. 134, 140 (2012) citing Montejo v. Louisiana, 566 U.S. 778, 786 (2009). Critical stages include not only trial, but also pretrial proceedings - including the plea-bargaining process.

Lafler v. Cooper, 566 U.S. 156 (2012), Hill v. Lockhart, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. Lee v. U.S, 137 S.ct. 1958 (2017).

I Williams maintains, counsel performed deficiently by not moving for a Franks hearing, under the Supreme Court's decision in Franks v. Delaware, 438 U.S. 154 (1978). In Franks the Court held a search warrant must be voided if the defendant shows that by a preponderence of the evidence that the affidavit supporting the warrant contained a false statement made intentionally or with reckless disregard for the truth and, after setting aside the false statement, the the affidavit remaining content is insufficient to establish probabale cause.

In preparing his affidavit the agent, with reckless disregard for the truth, indicated currencey and controlled substances is beening stored at the residence on multiple occasions. See Exhibits 2 The C.I never stated he been to the residence and seen drugs are bought any drugs at the home. The affidavit was misleading and deceptive The records will show that counsel did not file any pre-trial motions in this case. Are did not expound of whether he investigated the C.I and the case.

Genuine issue of material fact exist as to whether counsel rendered ineffective assistance of counsel, by failing to investigate challenge the affidavit and the staleness of the warrant. I Williams requests an evidentiary hearing for all of the above reasons.

In Lafler, the Supreme Court held that the Sixth Amendment right to counsel applies in the context of plea negotiations. If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept.

I assertions that counsel failed to conduct any investigation in the facts of the case and law in relation to the facts, before advising, urging and inducing I Williams into signing the government's plea agreement, involuntarily. Counsel's failure to properly advise me of my correct sentencing exposure, failed below the Stricklands objective standard. And when a defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to plea or take his chance in court. Teague v. Scott, 60 F.3d 1167, 1171 (5th Cir. 1995).

By grossly underestimating the sentencing exposure counsel breaches his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea or charge appears desirable. Before the signing of the plea my guideline was 51-63 months after the signing it jump to 151-188 months. Instead of the 151 month sentence imposed by the court, I Williams asserts would have insisted on going to trial.

Petitioner maintains deficient performance, prejudiced me given that any amount of actual jail time has Sixth Amendment significance, which constitutes prejudice for purposes of the Strickland test. Glover v. U.S, 531 198 U.S. (2001).

Accordingly, Petitioner asks that the Court find that provided ineffective assistance during sentencing hearing. Petitioner shall argue hereto that the prior conviction that the Prosecutor and Probation Officer applied to my sentencing denied me the categorical approach as the Supreme Court now holds in Descamp and Mathis that is required.

### Failure to file appeal

Roe v. Ortega, 528 U.S. 470, 145 L.Ed.2d 985 (2000) (attorney's failure to file an appeal in spite of being instructed to do so is per se ineffective assistance when there is reason to think either 1. that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal or that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Lombard v. Lynaugh, 868 F.2d 1475 (5th Cir. 1989.- - This warrants an evidentiar hearing. Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination. Deonairesingh v. U.S, — appellate counsel ineffective when he failed to challenge on direct appea the application of a sentencing enhancement. 542 Fed. Appx. 857 (11th Cir. 2013

7.

Accordingly Petitioner asks that this Court vacate his 151 month sentence, upon the finding that culmative errors, deprived me of effective assistance of counsel.

Brady Claims

Prosecutor violated its duty of disclosure. The prosecutor failed to disclose exculpatory evidence as required by Brady. The prosector failed to disclose that the C.I had pending drug charges in the State of Mississippi and was convicted in the United States District Court for the Southern District of Alabama in the early 1990's. for drugs.

A prosecutor's Brady obligations require production of impeachment evidence even when that evidence is publicly availabe. The government interest in nondisclosuee is not a factor because I already know the identity from day one, of the C.I.

Motion for Discovery should be granted.

Good cause for discovery can be shown. While specific allegations are required, a petitioner need not show that he would prevail on the merits of his claim before receiving discovery. Hansen v. U.S, 956 F.2d 245, 248 (11th Cir 1992) prisoner have a right of access to court files pertaining to their underlying criminal conviction.

8.

## Plea was not Knowing and Voluntary

On the morning of June 28-2019 was the first time I Williams seen the plea agreement. On that morning before entering the court room Mr. Briskman said to me hurry and sign this plea cause I dont wont them mad at us. That statement by him concer me into the sign of the plea. That make this plea unknowing and involuntary and constituted ineffective assistance. Missouri v. Frye, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012) ( a component of the Sixth Amendment right to counsel in a plea bargaining context is that counsel has a duty to communicate any offers the government to the defendant. The Sixth Amendment requires effective assistance of counsel during plea bargaining.

The government brings up I Williams waive my right to appeal. A waiver may not bar a challenge to a miscarriage of justice. The court established four situations that would amount to a miscarriage of justice to invalidate a waiver. 1. When the district court relied on an impermissible factor 2 Right to effective assistance of counsel in negotiating the plea agreement with the waiver. 3. an illegal sentence or 4. the waiver is otherwise unlawful.