**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 19-0053-WS** |
| | ) | |
| **TERRANCE DWAYNE WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

In June 2019, the defendant pleaded guilty to Count Five of the indictment, which charged the defendant with distribution of, and possession with intent to distribute, cocaine. (Doc. 1 at 3; Doc. 34). The defendant did so after entering a plea agreement with the government in which the government, pursuant to Rule 11(c)(1)(B), agreed to recommend a sentence at the low end of the guideline range. (Doc. 33 at 6). The guideline sentencing range was 151 to 188 months, (Doc. 48 at 10), and the Court imposed a low-end sentence of 151 months. (Doc. 58 at 2). The Bureau of Prisons presently projects the defendant's release date (assuming his accumulation of all possible good-time credits) as February 4, 2030.

The defendant has filed a motion for reduction in sentence under 18 U.S.C. § 3582, based on "extraordinary and compelling reasons." (Doc. 99). The defendant argues that his plea agreement has been superseded by a "novation," under which he and the government agree to an immediate reduction of his sentence to time served. The defendant's position is creative but legally baseless.

As a threshold matter, there has been no novation. "A novation is a mutual agreement between the parties for the discharge of a valid existing obligation by the substitution of a new valid obligation." *Aronowitz v. Health-Chem Corp*., 513 F.3d 1229, 1237 (11th Cir. 2008) (internal quotes omitted). Assuming without deciding that the plea agreement entered in June 2019 is still an "existing obligation," there has been no "mutual agreement" to discharge the plea agreement by substituting the defendant's

document.  The "agreement" is simply the defendant's unilateral imposition of terms, which he imagines become effective simply by the government's failure to overtly reject those terms within a specified time.  (Doc. 99 at 3-5).  "Generally speaking, an offeree [here, purportedly the government] has a right to make no reply to offers, and his silence and inaction cannot be construed as an assent to the offer …." *Moree v. Wells Fargo Bank*, 2019 WL 2411437 at *3 (S.D. Ala. 2019) (internal quotes omitted).  "The offeror cannot, merely by indicating that it will take silence to mean assent, cast the burden to speak on the offeree, and the offeree may keep silent if it chooses without becoming liable on an express contract." *Id*. at *4 (internal quotes omitted).  While an exception exists when the parties have a history between themselves of accepting contractual offers by silence, *id*. at *3, no such history exists or is alleged to exist between these parties.

Even had the government agreed that the defendant should be immediately released, he could not obtain relief.  Sentencing decisions are reserved exclusively for the Court, and the parties cannot by agreement bind the Court to impose a particular sentence.  The only exception arises when the Court accepts a plea agreement in which the government agrees that a specific sentence or sentence range is the appropriate disposition of the case, Fed. R. Crim. P. 11(c)(1)(C), which is not the situation alleged to exist here.

Because the defendant is not seeking to influence the Court's initial sentencing decision but to obtain a reduction of a sentence already imposed, his path is even more constrained.  A court has discretion to consider a reduction in sentence when a defendant demonstrates the existence of "extraordinary and compelling reasons [that] warrant" such a reduction, 18 U.S.C. § 3582(c)(1)(A)(i), but such relief is subject to requirements the defendant cannot meet.  First, the defendant must initially seek relief from his warden, *id*. § 3582(c)(1)(A), and the defendant does not claim to have done so.  Second, the range of "extraordinary and compelling reasons" that can warrant relief are limited to those established by the United States Sentencing Commission, *United States v. Bryant*, 996 F.3d 1243, 1248, 1262 (11th Cir. 2021), and those reasons do not include a post-

sentencing agreement between the defendant and the government.  U.S.S.G. § 1B1.13. Third, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) before granting relief, and it is clear that the three years of custody the defendant has experienced[1] are insufficient to comply with the purposes set forth in that provision. Therefore, even had the defendant satisfied the mandatory requirements for relief, the Court in its discretion would, on this record, deny relief.

For the reasons set forth above, the defendant's motion for reduction in sentence is **denied**.


DONE and ORDERED this 28th day of March, 2022.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The defendant was placed in pretrial detention in May 2019.  (Doc. 4).